William D. Squires, Executor of the last will and testament of Adaline T. Howell, Deceased, Appellant, *v.* Gertrude P. Howell.

*Equity jurisdiction—Essentials for recovery of a chattel by bill in equity.*
To sustain a bill in equity for the recovery of personal chattels there must be a clear and explicit denial of title in the defendant and an averment of some peculiar or special quality in the article which imparts to it a worth independent of its market value, or some trust obligation associated with it, or some tort or fraud practiced by defendant in securing its possession.

A demurrer was sustained to a bill brought to recover a fur coat therein described as " of great value and an heirloom," and also as having great and peculiar value as a memento of plaintiff's decedent. The bill did not aver want of title in defendant nor that estate was solvent nor that the legatee was related by blood to decedent through which it could be an heirloom.

Argued Oct. 10, 1899. Appeal, No. 113, Oct. T., 1899, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1898, No. 1022, sustaining demurrer to bill in equity. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by ORLADY, J.

Demurrer to bill in equity.

The following facts appear from the record: The plaintiff in his bill stated, inter alia, (2) that in and by the sixth item of said will the testatrix (inter alia) gave and bequeathed unto Mrs. M. B. Kennie, of Cape May, New Jersey, her fur coat; (3) that the said fur coat at the time of the death of said decedent, Adaline T. Howell, and since that time has been in the custody or control of the said Gertrude P. Howell, who refuses to deliver it to your orator (although requested so to do), whereby your orator is prevented from carrying out the terms of said testatrix's will, and from delivering said fur coat to the said Mrs. M. B. Kennie; (4) that the said fur coat is of great value and an heirloom, and has also a value and peculiar interest as a memento of the said Adaline T. Howell, deceased, and the said M. B. Kennie has demanded that your orator deliver the same to her. That the action of the respondent in thus withholding said fur coat is a fraud upon complainant's rights, and he is without an adequate remedy at law.

The prayer was that the respondent be ordered and decreed to return the said fur coat to your orator in order that he may carry out the terms of said testatrix's will.

The defendant for the cause of the demurrer showed:

1. That upon the face of the bill it appears that the plaintiff has an adequate remedy at law, and therefore is not entitled to the relief prayed for in his said bill.

2. That upon the face of the bill it appears that the article in dispute, a fur coat, is claimed as a bequest, and is not an heirloom.

3. That upon the face of the bill it appears that the article in dispute is claimed to be an heirloom of Adaline T. Howell, deceased, therefore the right of action would be in the heir and not in the executor.

4. That it does not appear by the bill that the estate of Adaline T. Howell, deceased, is solvent, or that the fur coat will not be needed to pay her debts, or that the complainant has given his consent that the said Mrs. M. B. Kennie shall have the possession of said coat.

The court below sustained the demurrer and dismissed the bill. Plaintiff appealed.

*Error assigned* was in sustaining demurrer to plaintiff's bill and dismissing said bill.

*J. Campbell Lancaster*, with him *Charles E. Lex*, for appellant.—There are a number of cases which have decided that a bill in equity is a proper procedure where the article sought to be recovered is of peculiar interest, as where it possesses a pretium affectionis, or where the remedy at law by damages would be utterly inadequate and leave the injured party in a state of irremediable loss.

The following are cases where a bill in equity has been sustained by the courts to recover possession of various chattels:

An antique silver altar-piece, Duke of Somerset v. Cookson, 3 P. Wms. 389; an ancient horn, the symbol of tenure by which an estate is held, Pusey v. Pusey, 1 Vern. 273; heirlooms, Macclesfield v. Davis, 3 Ves. & B. 16, 18; a finely carved cherry stone, Pearne v. Lisle, 1 Ambl. 77; a silver tobacco box, Fells v. Read, 3 Ves. Jr. 70; family portraits, Lady Arundell v.

Phipps, 10 Ves. 139, 148; slaves, if of peculiar personal value
to the complainant, Caldwell v. Myers, Hard. (Ky.) 551; Wo-
mack v. Smith, 11 Humph. 478; Lloyd v. Loaring, 6 Ves. 773;
McGowin v. Remington, 12 Pa. 56; Beasley v. Allyn, 12 W.
N. C. 90.

Courts of equity, as will be seen from the above cited cases,
have extended their strong arm many times to recover back
articles of personal property, which might perhaps have been
of little money value, but which, from their value by way of
association and interest, could not be replaced by any amount
of damages for their illegal detention.

*Joseph H. Taulane,* with him *Thomas Earle White* and *Rich-
ard P. White,* for appellee.—Instead of proceeding at law in
the regular and orderly way by an action of trover or replevin
to determine the ownership of an ordinary and everyday per-
sonal chattel, where the title and possession thereto are in dis-
pute, the plaintiff has attempted a " short cut " by means of a
bill in equity to dispossess the defendant of her property with-
out a trial by jury.

In refusing to entertain such bills, the courts have simply
been maintaining the letter and spirit of the several constitu-
tions of Pennsylvania which have all emphatically declared
" that trial by jury shall be as heretofore, and the right thereto
shall remain inviolate : " Coal Co. v. Snowden, 42 Pa. 488.

To the same effect see the able and admirably reasoned opin-
ion of Judge SIMONTON in Penna. Canal Co. v. Middletown
Turnpike Co., 1 Pa. Dist. Rep. 663.

The Pennsylvania cases are in entire accord with these views :
Foll's Appeal, 91 Pa. 434; Goodwin's Appeal, 117 Pa. 514;
Roland v. Bank, 135 Pa. 598; Zoological Gardens' Appeal, 38
Leg. Int. 403; Kaul v. Henke, 2 Pa. Dist. Rep. 236.

The cases already cited conclusively show that an action of
trover is a full and adequate remedy for the detention of per-
sonal chattels, and that equity has no jurisdiction.    See also
Engelhardt v. Heck, 36 Pitts. L. J. 204.

OPINION BY ORLADY, J., November 20, 1899:

By the last will and testament of Adaline T. Howell bearing
date December 15, 1896, she bequeathed " her fur coat " to

Mrs. H. B. Kennie, which coat at the time of the donor's death, February 26, 1898, was in the possession of Gertrude P. Howell, who refused to surrender it on demand, and a bill in equity was filed by the executor to recover it that he might deliver it to the legatee.

A demurrer was filed by the defendant, which was sustained and the bill dismissed. The subject of the bequest is described in the bill in equity as "a fur coat of great value and an heirloom, and also has a value and peculiar interest as a memento of the decedent." It is not averred that the defendant had not a valid title to the property nor that the estate is solvent, nor that the legatee is related by blood to the decedent through which the article could be an heirloom; nor that it had any peculiar quality making it in any way different from an ordinary garment; nor that it had been associated with any special owner, maker or event to give it exceptional interest; nor that the coat belonged to the decedent at the time of her death; nor that the possession of the present holder is in any way wrongful.

In the exceptional instances in which the courts have sustained a bill in equity for the recovery of personal chattels, there has been a clear and explicit denial of title to the property in the defendant, and it was averred that there was some peculiar or special quality in the article which imparted to it a worth independent of its market value, some trust obligation associated with it, or some tort or fraud practiced by the defendant in securing the possession.

Such cases stand upon very peculiar circumstances where the nature of the remedy at law is inadequate to complete redress, or when some other ingredients of equity jurisdiction are mixed up in the transaction: 2 Story's Eq. Jur. sec. 710.

The proper decree was entered in the court below and it is now affirmed.